OK PQ5336

**LAW OFFICES OF PETER QUAN, ESQ.**
Peter L. Quan, Esquire
NJ Bar #: 012232007
43 East Broadway, Ste. 401
NY, NY 10002
Tel. (212) 608-4508
Fax. (212) 608-4372

*Attorney for Plaintiff Sau Fong Lam*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAU FONG LAM,<br><br>Plaintiff,<br><br>v.<br><br>PASSAIC COUNTY, PASSAIC COUNTY BOARD OF CHOSEN FREEHOLDERS, PASSAIC COUNTY SHERIFF'S DEPARTMENT, PATERSON POLICE DEPARTMENT, OFFICER McELVEEN, "OFFICER JOHN DOE I," "OFFICER JOHN DOE II," "OFFICER JOHN DOE III," "OFFICER JOHN DOE IV," "OFFICER JOHN DOE V,"<br><br>Defendants. | Civil Action No.: 08-5598 (JAG)<br><br>**VERIFIED COMPLAINT** |

Plaintiff **SAU FONG LAM,** having a street address of 9 ~~Market~~ Monroe Street, New York, New York 10002, by way of Verified Complaint through counsel, Peter L. Quan, Esq., against the Defendants, Passaic County, Passaic County Board of Chosen Freeholders, Passaic County Sheriff's Department, Paterson Police Department, Officer McElveen, "Officer John Doe I," "Officer John Doe II," "Officer John Doe III," "Officer John Doe IV," and "Officer John Doe V," all corporate bodies politic of the State of New Jersey states:

## NATURE OF ACTION

1. Sau Fong Lam seeks relief from this Court in the form of judgment for monetary damages to compensate for the violation of her constitutional and statutory rights to freedom from unreasonable seizure and other civil rights as guaranteed by the United States Constitution, the New Jersey Constitution and civil rights enactments. Sau Fong Lam also seeks compensatory and pecuniary damages for her physical and emotional injuries suffered as a result of Defendants' unlawful actions, along with costs and attorneys fees.

2. Specifically, Sau Fong Lam alleges that the actions of Defendants in furtherance of their failure to duly investigate whether a crime had actually taken place and whether the Plaintiff was the person who had actually committed the crime, illegally seized, falsely imprisoned, negligently inflicted physical injury, intentionally inflicted emotional distress, and wantonly refused medical treatment, in violation of the United States and New Jersey Constitutions.

3. Defendants' actions substantially burdened Sau Fong Lam's personal liberties, caused needless physical pain and suffering, and caused a per se injury to her constitutional rights under the Fourth and Fourteenth Amendments.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3)(4), which confer original jurisdiction on federal district courts to redress the deprivation of rights, privileges and immunities secured by the laws and Constitutions of the State of New Jersey and of the United States, particularly the Fourth and Fourteenth Amendments to the

Constitution of the United States, and 42 U.S.C. § 1983. This Court has pendant and supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1367(b), as the acts and transactions complained of and occurred in this district.

## STATEMENT OF FACTS

### Background

6. Sau Fong Lam previously resided at 10 22nd Ave., Paterson, NJ, 07514. These premises were owned and controlled by the owner of New Majestic Restaurant Buffet, located 29 Route 23 South Wayne, NJ, 07470, and were for the sole use of providing sleeping quarters for the restaurant staff.

7. Sau Fong Lam shared a bedroom with another restaurant worker, Li Ni.

8. On Sunday morning, August 17, 2008, Li Ni began to argue with Sau Fong Lam, who responded by requesting Li Ni to exit the room and stop harassing her.

9. At no time did a physical confrontation arise between the two women.

10. Upon information and belief, only one person in the apartment, "Ping," was proficient in English.

11. Upon information and belief, Li Ni asked "Ping" to call 911 and make a false report that Sau Fong Lam had assaulted her.

12. Upon information and belief, "Ping" called the restaurant owner to ask permission to call 911.

13. Upon information and belief, the restaurant owner granted "Ping" permission to call 911.

14. Upon information and belief, "Ping" did in fact call 911 and falsely stated that Sau Fong Lam had assaulted Li Ni.

**Unreasonable Seizure**

15. Paterson Police Officer Q. McElveen, badge number 4644, entered the bedroom of Sau Fong Lam at approximately 11 AM that morning and placed handcuffs on Ms. Lam.

16. Officer McElveen was accompanied by another unknown officer, "Officer John Doe."

17. Upon information and belief, neither officer presented an arrest warrant.

18. Upon information and belief, neither officer witnessed the commission of a crime.

19. Upon information and belief, neither officer had a reasonable, articulable suspicion that criminality was afoot.

20. Upon information and belief, neither officer conducted an investigation that would lead a reasonable officer in same or similar circumstances to conclude that a crime had occurred and that Ms. Lam had committed the crime.

21. Upon information and belief, the complaining witness, Li Ni, had no visible injuries to suggest that she had been assaulted.

22. Ms. Lam was removed from the residence in handcuffs and placed in the police car for an approximate 10 minute ride to the police station.

**Negligent Infliction of Physical Injury and Intentional Infliction of Emotional Distress**

23. While the police were waiting for a Chinese-speaking interpreter to arrive for the interrogation, Ms. Lam requested to use the bathroom.

24. One unknown male officer, "Officer John Doe II," escorted Ms. Lam to the bathroom.

24. "Officer John Doe II" began chatting with another unknown male officer, "Officer John Doe III."

25. "Officer John Doe II" closed the bathroom door on Ms. Lam's left hand.

26. Ms. Lam screamed out uncontrollably in excruciating pain.

27. "Officer John Doe II" and "Officer John Doe III" began yelling at Ms. Lam, who only understood the words "Fuck!" and "Fucking...!"

28. Ms. Lam believed from the tone of voices and bodily posturing of the two officers that she was in imminent danger of being seriously injured or killed by "Officer John Doe II" and "Officer John Doe III."

29. Ms. Lam was in such imminent fear for her life that she managed to say "sorry" to the two officers in an attempt to calm them down.

30. The officers did in fact calm down and "Officer John Doe II" released her hand from the closed door.

31. Ms. Lam believed that "Officer John Doe II" would not have released her hand from the door had she not said "sorry."

32. When Ms. Lam was able to remove her hand from the door, she began to weep as silently as she could manage from the excruciating pain.

33. "Officer John Doe II" and "Officer John Doe III" began to laugh at her and mock her suffering, causing her humiliation and emotional distress.

34. "Officer John Doe II" then looked at the hand and his facial expression became serious.

**Withholding of Medical Treatment**

35. Approximately 30 minutes later, Ms. Lam was taken to the hospital emergency room by two unknown police escorts, "Officer John Doe IV" and "Officer John Doe V."

36. Approximately 1 PM, Ms. Lam's hand was X-Rayed, which revealed no broken bones. However there were deep subcutaneous soft tissue injuries causing her excruciating pain.

37. Ms. Lam was administered an unknown pain killer in the hospital and received a prescription to continue the medication every six hours.

38. The escorting officers, "Officer John Doe IV" and "Officer John Doe V," refused to allow Ms. Lam to fill the prescription.

39. When she was returned to the police department holding cell, Ms. Lam continued to suffer from excruciating pain and the unknown officers on duty refused to comply with the doctor's orders to administer pain relief every six hours.

**Disposition of the Criminal Matter**

40. Ms. Lam was arraigned and subsequently released on her own recognizance on August 18, 2008.

41. Ms. Lam retained the Law Offices of Peter Quan, Esq. to represent her in the October 9, 2008 hearing in the City of Paterson Municipal Court against the charge of 2C:12-1A of the New Jersey Penal Code.

42. The case was dismissed for lack of prosecution.

**Harm to the Plaintiff**

43. Ms. Lam suffered per se harm when her rights guaranteed under the Fourth and Fourteenth Amendments were violated.

44. Ms. Lam's Fourth Amendment rights were violated when police officers entered her bedroom, handcuffed her, and unreasonably seized her from the sanctity of her home.

45. Ms. Lam's Fourteenth Amendment rights were violated when she was seized and forcibly removed from her home to the Paterson Police Department holding cell without due process of law.

46. Ms. Lam received physical injuries to her left hand when an unknown police officer closed the door upon her hand. The injuries include deep subcutaneous soft tissue damage resulting in excruciating pain and persistent scarring.

47. Ms. Lam received unnecessarily prolonged physical pain and emotional injury when the unknown officer refrained from releasing her hand from the closed door until she apologized for screaming out uncontrollably in pain.

48. Ms. Lam received emotional injury when the unknown officers yelled curse words at her.

49. Ms. Lam received emotional injury when the unknown officers mocked her suffering.

50. Ms. Lam received emotional injury when she was unreasonably seized from her home.

51. Ms. Lam received emotional injury when she lost her liberty without due process of law.

51. Ms. Lam received physical and emotional injury when the unknown officers refused to fill her prescription pain medication, thus needlessly prolonging her suffering.

52. Ms. Lam received physical and emotional injury when the unknown officers refused to comply with the emergency room doctor's prescribed treatment for Ms. Lam's injuries, thus needlessly prolonging her suffering.

53. Ms. Lam continues to suffer physical scarring from the injury to her left hand.

54. Ms. Lam continues to suffer emotional injury in the manifestation of nightmares, fear, anxiety, and depression.

**VIOLATIONS OF THE UNITED STATES CONSTITUTION**

**COUNT I**

**Unreasonable Seizure: Fourth Amendment**

**(42 U.S.C. § 1983)**

55. Paragraphs 1 through 54 are incorporated by reference as if set forth fully herein.

56. Defendants have deprived Ms. Lam of her Fourth Amendment right to be free from unreasonable seizure.

57. Defendants did not have a warrant or other legitimate authorization for this seizure.

58. Defendants' seizure of Ms. Lam was unreasonable and thus violated her constitutional rights guaranteed under the Fourth Amendment.

59. Ms. Lam suffered per se and irreparable harm due to this violation of her rights.

**COUNT II**

**Denial of Due Process: Fourteenth Amendment**

**(42 U.S.C. § 1983)**

60. Paragraphs 1 through 59 are incorporated by reference as if set forth fully herein.

61. The Due Process Clause, as set out in the Fourteenth Amendment to the United States Constitution, and applicable to the states, provides for fundamental due process under the law.

62. As a direct and a proximate result of Defendants' actions and policies, Ms. Lam lost her liberty without due process of law.

63. As a direct and a proximate result of Defendants' actions and policies, Ms. Lam received physical injuries to her left hand due to lack of appropriate training of officers in assisting detainees to go to the bathroom.

64. As a direct and a proximate result of Defendants' actions and policies, Ms. Lam's suffering was prolonged due to lack of appropriate training of officers in attending to the medical needs of detainees.

65. As a direct and a proximate result of Defendants' actions and policies, Ms. Lam was emotionally harmed due to lack of appropriate training of officers in the humane treatment of detainees.

## VIOLATIONS OF THE NEW JERSEY CONSTITUTION

## COUNT III

### Deprivation of Liberty: Article I (1)

### (42 U.S.C. § 1983)

66. Paragraphs 1 through 65 are incorporated by reference as if set forth fully herein.

67. Defendants have deprived Ms. Lam of her personal liberty in violation of the Constitution of New Jersey.

68. As a direct and a proximate result of Defendants' actions and policies, Ms. Lam lost her liberty without due process of law.

69. As a direct and a proximate result of Defendants' actions and policies, Ms. Lam suffered per se, physical and emotional harm.

**COUNT VII**

**Unreasonable Seizure: Article I (7)**

70. Paragraphs 1 through 69 are incorporated by reference as if set forth fully herein.

71. Defendants have deprived Ms. Lam of her right to be free from unreasonable seizure in violation of the Constitution of New Jersey.

72. As a direct and a proximate result of Defendants' actions and policies, Ms. Lam was unreasonably seized from her home.

73. As a direct and a proximate result of Defendants' actions and policies, Ms. Lam suffered per se, physical and emotional harm.

**TORT CLAIMS**

**COUNT VIII**

**False Arrest**

74. Paragraphs 1 through 73 are incorporated by reference as if set forth fully herein.

75. The defendants intended to restrict the Plaintiff's freedom of movement. The Plaintiff's freedom of movement was directly restricted by the acts of the defendants by illegally seizing and detaining the Plaintiff without reasonable suspicion or probable cause.

76. The Plaintiff was aware that her freedom of movement was restricted and suffered great humiliation, physical injury, injury to reputation, emotional injuries, and damages as a result of being falsely arrested and detained for a violent crime that never took place.

77. The defendants have caused damages to the Plaintiff by their false arrest and detention of her, and Plaintiff is entitled to recover against the defendants for injuries, damages and losses proximately caused by their false arrest as set forth in this Complaint.

## COUNT IX

### Negligence

78. Paragraphs 1 through 77 are incorporated by reference as if set forth fully herein.

79. The above-referenced acts and omissions of the defendants regarding the false arrest of Plaintiff were negligent.

80. The act of closing the door on the Plaintiff's left hand was negligent.

81. The defendants had a high duty of care to the Plaintiff because she was detained by them and at the mercy of their complete care and control.

82. The defendants breached their duty when they failed to exercise the care of a reasonable prudent officer in same or similar circumstances when they negligently closed the bathroom door upon her left hand.

83. Moreover, the defendants breached their duty when they seized the Plaintiff from the sanctity of her home without a warrant, probable cause, or even reasonable suspicion.

84. The defendants' actions were the legal cause-in-fact of the Plaintiff's injuries to her left hand; "but for" the defendant's closing the door on Ms. Lam's hand, the injuries would not have occurred.

85. Moreover, the defendants' actions were the legal cause-in-fact of the Plaintiff's loss of liberty; "but for" the defendants' unreasonable seizure, the Plaintiff would not have lost her liberty.

86. The defendants' actions were the proximate cause of Plaintiff's injuries to her left hand; Ms. Lam was in the zone of danger of defendants' breach.

87. Moreover, the defendants' actions were the proximate cause of Plaintiff's loss of liberty; Ms. Lam was in the zone of danger of defendants' breach.

88. The harms suffered by Plaintiff due to the negligence of the defendant when she was falsely arrested and physically injured in detention are compensable.

## COUNT X

### Intentional Infliction of Emotional Distress

89. Paragraphs 1 through 88 are incorporated by reference as if set forth fully herein.

90. The defendants' actions as set forth herein, were outrageous, intolerable and so extreme as to exceed all bounds of decency which prevail in civilized communities and societies.

91. As a wrongfully detained individual, the Plaintiff was especially vulnerable to the egregious conduct of the defendants when they failed to investigate whether a crime had been committed and whether the Plaintiff had committed the crime; when they refrained from releasing her left hand closed in the door until she apologized for uncontrollably screaming out in pain; when they yelled curses at her; when they mocked her suffering; when they refused to

fill her prescription for pain relief; and when they refused to comply with the emergency room doctor's treatment regime for the Plaintiff.

92. The defendants, by their actions as set forth herein, intended to inflict irreparable damage to the Plaintiffs reputation, good name, honor, integrity and respect in the community.

93. The defendants, by their actions as set forth herein, intended to inflict pain, suffering, and humiliation to the Plaintiff's person.

94. The defendants have caused the injuries, damages and losses to the Plaintiff by their outrageous conduct; and, the Plaintiff is entitled to recover against the defendants for the injuries, damages and losses set forth herein.

## COUNT XI

### Failure to Supervise

95. Paragraphs 1 through 94 are incorporated by reference as if set forth fully herein.

96. That the defendant, Paterson Police Department, is required to supervise the actions of its police. Defendants Officer McElveen, "Officer John Doe I," "Officer John Doe II," "Officer John Doe III," "Officer John Doe IV," and "Officer John Doe V" are employees of defendant Paterson Police Department.

97. That the defendant, Passaic County Sheriff's Department, is required to supervise the actions of the Paterson Police Department.

98. That the defendant, Passaic County Board of Chosen Freeholders, is required to supervise the actions of the Passaic County Sheriff's Department.

99. That the defendant, Passaic County, is required to supervise the actions of the Passaic County Board of Chosen Freeholders.

100. That the defendant, Paterson Police Department, has caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendant, Paterson Police Department, for her injuries, damages and losses caused by defendants', Officer McElveen, "Officer John Doe I," "Officer John Doe II," "Officer John Doe III," "Officer John Doe IV," and "Officer John Doe V's," conduct as set forth herein.

101. That the defendant, Passaic County Sheriff's Department, has caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendant, Passaic County Sheriff's Department, for her injuries, damages and losses caused by defendant's, Paterson Police Department's, conduct as set forth herein.

102. That the defendant, Passaic County Board of Chosen Freeholders, has caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendant, Passaic County Board of Chosen Freeholders, for her injuries, damages and losses caused by defendant's, Passaic County Sheriff's Department's, conduct as set forth herein.

103. That the defendant, Passaic County, has caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendant, Passaic County, for her injuries, damages and losses caused by defendant's, Passaic County Board of Chosen Freeholders', conduct as set forth herein.

## COUNT XII

### Negligent Training

104. Paragraphs 1 through 103 are incorporated by reference as if set forth fully herein.

105. That the defendant, Paterson Police Department, is required to adequately train its officers; Defendants Officer McElveen, "Officer John Doe I," "Officer John Doe II," "Officer John Doe III," "Officer John Doe IV," and "Officer John Doe V" are employees of defendant, Paterson Police Department.

106. That the defendant, Paterson Police Department, caused injuries, damages and losses to the Plaintiff by virtue of its negligent training; and, the Plaintiff is entitled to recover against the defendant, Paterson Police Department, for the injuries, damages and losses caused by the defendant's conduct as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Sau Fong Lam, by and through her attorney, Peter Quan, Esq., respectfully requests that this Court grant the following relief:

1. An award of compensatory damages against Defendants in favor of Sau Fong Lam as the Court deems just for the loss of Ms. Lam's liberty, and right to be free from an unconstitutional seizure, caused by the Defendants' actions;

2. An award to Plaintiff for direct and consequential damages, including lost wages, court costs, and attorneys' fees.

3. An award to Plaintiff for compensatory and pecuniary damages stemming from the physical and emotional harm arising from the torts of negligence, intentional infliction of emotional distress, failure to supervise, and failure to train.

4. Such other and further relief as this Court may deem just and appropriate.

**DEMAND FOR JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sau Fong Lam hereby demands a trial by jury of six in this action of all issues so triable.

Dated: November 3, 2008

**LAW OFFICES OF PETER QUAN, ESQ.**

By: ______________________

Peter E. Quan, Esquire
43 E. Broadway, Ste. 410
NY, NY 10002
(212) 608-4508

*Attorney for Plaintiff*